IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHEMENA YVONNE BALLARD, )
)
Plaintiff, )
) Civil Action
v. ) No. 13-cv-06459
)
CAROLYN W. COLVIN, )
Acting Commissioner of )
Social Security, )
)
Defendant )

O R D E R

NOW, this 18th day of February, 2016, upon consideration of the following documents:

(1) Decision of Administrative Law Judge Linda M. Bernstein ("ALJ") dated January 26, 2012 and filed February 18, 2014 ("ALJ Decision") (Document 8-2);

(2) Complaint filed November 6, 2013 (Document 1-1);

(3) Answer filed February 20, 2014 (Document 9);

(4) Plaintiff's Motion for Summary Judgment and Request for Review filed May 22, 2015 (Document 15); together with

(a) Plaintiff's Brief and Statement of Issues in Support of Request for Review (Document 15-1);

(5) Defendant's Response to Request for Review of Plaintiff, which response was filed June 24, 2014 (Document 16);

(6) Reply to Defendant's Response to Request for Review of Plaintiff, which reply was filed July 3, 2014 (Document 17);

(7) Report and Recommendation of United States Magistrate Judge David R. Strawbridge dated October 28, 2015 and filed October 29, 2015 ("R&R") (Document 19);

(8) Plaintiff's Objections to the Report and Recommendation of the United States Magistrate Judge, which Objections were filed November 13, 2015 ("Objections") (Document 21);

(9) Defendant's Response to Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge, which response was filed November 30, 2015 (Document 23);

and after a thorough review of the record in this matter;[1] it appearing that plaintiff's Objections to Magistrate Judge Strawbridge's Report and Recommendation are essentially a restatement of the issues raised in Plaintiff's Brief and Statement of Issues in Support of Request for Review; it further appearing that Magistrate Judge Strawbridge's Report and Recommendation correctly determined the legal and factual issues presented in this case,

IT IS ORDERED that Magistrate Judge Strawbridge's Report and Recommendation is approved and adopted.[2]

---

[1] Plaintiff, Shemena Yvonne Ballard, brought this action pursuant to 42 U.S.C. §§ 405(g), seeking review of the Commissioner of the Social Security Administration's decision denying her claim for Supplemental Security Income under Title XVI of the Social Security Act. 42 U.S.C. §§ 401-433, 1381-1383f.

[2] The extent of review of a magistrate judge's Report and Recommendation is committed to the discretion of the district court. Jozefick v. Shalala, 854 F.Supp. 342, 347 (M.D.Pa. 1994). However, the district court must review de novo those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(c). The court may "accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001) (Padova, J.); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by

(Footnote 2 continued):

IT IS FURTHER ORDERED that plaintiff's Objections to Magistrate Judge Strawbridge's Report and Recommendation are overruled.[3]

---

(Continuation of footnote 2):

providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject, or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge. Raddatz, supra.

As more fully discussed below, I approve and adopt Magistrate Judge Strawbridge's R&R and overrule plaintiff's objections to it.

[3] Plaintiff raises two objections to the R&R. First, she objects to the fact that Magistrate Judge Strawbridge did not address her argument that the ALJ erred in failing to consider that plaintiff requires twenty-five hours per week of treatment. Plaintiff argues that the ALJ should have considered this fact in two parts of her analysis: (1) when considering plaintiff's nonexertional limitations during her residual functional capacity ("RFC") determination; and (2) when determining if plaintiff has an impairment that meets the severity of a listed impairment. Second, plaintiff objects to Magistrate Judge Strawbridge's finding that the ALJ's failure to include certain limitations in her hypothetical to the vocational expert ("VE") warrants remand for further proceedings rather than calculation of benefits.

First, the ALJ did not err by failing to consider the amount of time plaintiff attends treatment. Although Magistrate Judge Strawbridge did not address this argument, I will address it briefly here.

Plaintiff's argues that the ALJ erred by failing to consider the amount of time consumed by her treatment as a "nonexertional limitation". At step three of the ALJ's five-step sequential analysis, she must determine the claimant's RFC. 20 C.F.R. § 416.920(e). As part of this analysis, the ALJ must consider extertional and nonexertional limitations resulting from the claimant's impairments.

The regulations provide that a claimant's "impairment(s) and related symptoms, such as pain, may cause limitations of function or restrictions which limit [the claimant's] ability to meet certain demands of jobs. These limitations may be exertional, nonexertional, or a combination of both." 20 C.F.R. § 404.1569a(a). The regulations further define "nonexertional" limitations as existing "[w]hen the limitations and restrictions imposed by [the claimant's] impairment(s) and related symptoms, such as pain, affect only [the claimant's] ability to meet the demands of jobs other than the strength demands". 20 C.F.R. § 404.1569a(c)(1).

(Footnote 3 continued):

(Continuation of footnote 3):

The regulations provide examples of nonexertional limitations as difficulty: (1) functioning due to nervousness, anxiety, or depression; (2) maintaining attention or concentrating; (3) understanding or remembering detailed instructions; (4) seeing or hearing; (5) tolerating some physical features of certain work settings, such as dust or fumes; and (6) performing the manipulative or postural functions of some work such as reaching, handling, stooping, crawling, or crouching. 20 C.F.R. § 404.1569a(c)(1)(i)-(vi).

The regulatory language suggests that nonexertional limitations are conditions that stem directly from the relevant impairment. They do not encompass ancillary obstacles to work resulting from impairments. In other words, nonexertional limitations relate to the type of work a claimant may perform and do not extend to issues such as the amount of time available to perform work.

In support of her argument, plaintiff cites cases which indicate that an ALJ must consider frequent hospitalizations in determining whether a claimant is capable of working on a "regular, continuing or sustained basis." Rocco v. Heckler, 826 F.2d 1348, 1350 (citing Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987)). These cases are inapposite, however, because the reason an ALJ must consider frequent hospitalizations is because they result in unexpected absences from work. Plaintiff's treatment, however, is on a regular, scheduled basis and there is no evidence that she has frequent, unexpected hospitalizations. Furthermore, these cases do not arise in the context of nonexertional limitations.

Plaintiff also argues that the amount of time she is in treatment should have been considered by the ALJ in his determination at step two of his analysis of whether or not she meets the criteria of listing 12.04. A claimant can meet the criteria of listing 12.04 by either satisfying the requisite factors provided under paragraphs A and B of that listing or, alternatively, the factors under paragraph C. Plaintiff argues that consideration of the time consumed by her treatment would support a finding that she meets the criteria of listing 12.04 under paragraph C.

Paragraph C of listing 12.04 provides that a claimant must demonstrate a "[m]edically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support" and one of these three factors:

1. Repeated episodes of decompensation, each of extended duration; or

2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or

3. Current history of 1 or more years' inability to function outside

(Footnote 3 continued):

IT IS FURTHER ORDERED that plaintiff's request for review is granted.

IT IS FURTHER ORDERED that the decision of the Commissioner is vacated and the matter is remanded for further proceedings consistent with this Order.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 3):

> a highly supportive living arrangement, with an indication of continued need for such arrangement.

20 C.F.R. Part 404, Subpart P, Appendix 1, 12.04(C)(1)-(3).

The ALJ found that plaintiff did not meet any of the three paragraph C criteria. Plaintiff argues that consideration of the amount of time she is in treatment would result in a finding that she meets the second and third paragraph C criteria. Substantial evidence supports the ALJ's findings that plaintiff does not meet these criteria. The ALJ properly noted the multiple facts of record that demonstrate she was relatively well-adjusted during the relevant time period.

Additionally, there is no evidence that plaintiff lived in a "highly supportive living arrangement" at any point during the relevant time period. She poses the question of whether "attending a program 25 hours a week is akin to living at the facility that number of hours". The plain language of the regulation does not suggest that the two are equivalent and plaintiff points to no authority that provides otherwise.

Second, Magistrate Judge Strawbridge properly concluded that the case should be remanded to the ALJ for further proceedings rather than calculation of benefits. A reversal of the ALJ's decision is only warranted where the record demonstrates that a claimant is clearly entitled to benefits. See Podedworny v. Harris, 745 F.2d 210, 224 (3d Cir. 1984).

The record in this case does not demonstrate that plaintiff is clearly entitled to benefits. The ALJ erred by giving strong weight to the opinion of Dr. Loren Laviolette and then failing to include the limitations noted by Dr. Laviolette in her hypothetical to the vocational expert ("VE").

(Footnote 3 continued):



(Continuation of footnote 3):

Plaintiff argues that the VE's testimony demonstrates that a person with plaintiff's limitations could not work. However, the transcript of the proceedings indicates that the VE was unclear rather than unequivocal about the effect of these limitations on a person's ability to work. See Administrative Record at 71-72.